```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SAID GSSIME,

                    Plaintiff,
                                            ORDER
        -against-                           09-CV-5674 (JS)(ATK)

JOHN BRAY, KATHLEEN RICE,
ROBERT SCHWARTZ, BARBARA SULKIS,
BETH WASSERMAN,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Said Gssime, Pro Se
                    98A5384
                    MARCY CORRECTIONAL FACILITY
                    P.O. Box 3600
                    Marcy, New York 13403-3600

For Defendants:     No appearances
```

SEYBERT, District Judge:

Pursuant to this Court's April 15, 2010 Order, the incarcerated pro se plaintiff Said Gssime ("Plaintiff") has filed an Amended Complaint. For the reasons that follow, the Court revokes Plaintiff's in forma pauperis ("IFP") status pursuant to 28 U.S.C. § 1915(g).

BACKGROUND

Plaintiff is no stranger to this Court. The instant case is Plaintiff's eighth in forma pauperis action, five of which have been dismissed for failure to state a claim upon which relief may be granted. See Gssime v. Psychotherapist Ms. ADA Sandoval, 09-CV-4465 (RRM)(RER) (dismissed based on the doctrine of res judicata and for failure to state a claim on which relief may be granted by

Order dated October 27, 2009, Mauskopf, D.J.); <u>Gssime v. Psychotherapist Ms. ADA Sandoval</u>, 09-CV-2820 (RRM)(ALC); <u>Gssime v. Attorney Albert Talero</u>, 09-CV-2822 (RRM)(ALC); and <u>Gssime v. Advanced Center of Psychotherapy</u>, 09-CV-2823 (RRM)(ALC) (consolidated and dismissed with prejudice by Order dated July 21, 2009, Mauskopf, D.J.); <u>Gssime v. Dr. Watson</u>, 09-CV-5581 (JS) (pending); <u>Gssime v. Greiner</u>, 02-CV-4602 (JBW) (habeas petition denied by Order dated October 29, 2003, Weinstein, D.J.); <u>Gssime v. Bray, et al.</u>, 06-CV-04988 (JS)(ETB) (dismissed with prejudice after Plaintiff was given leave to file an Amended Complaint by Order dated April 3, 2007, Seybert, D.J.).

## I. THE INSTANT AMENDED COMPLAINT

Much like Plaintiff's original Complaint, the Amended Complaint is largely incomprehensible. Plaintiff alleges that all of the events upon which his claims are based occurred between the time period 1991 to 1998. Am. Compl. at ¶ III(C). According to the Amended Complaint, Plaintiff "came to the United States in 1991 as a National of France to marry defendant Wasserman and become a citizen." The Amended Complaint describes that "defendant Wasserman, through a scheme to defraud, manipulated the Plaintiff into said marriage and failed to make Plaintiff aware of her ongoing criminal enterprise. . . ." Plaintiff alleges that Defendant Wasserman, a "Doctor of Dental Surgery" employed Plaintiff in her dental practice but failed to pay Plaintiff any

2

wages or claim Plaintiff's wages on W-2 statements. According to the Amended Complaint, "Defendant Wasserman conducted an illegal drug enterprise out of her dental office" whereby Defendant Sulkins would pick up "illegal income checks every Saturday morning" from the Plaintiff and Defendant Sulkins would "'wash' the money through Chemical bank where she was currently president." Plaintiff claims that he "wanted no part of this criminal enterprise . . . [but] being financially unable to do anything about the situation, Plaintiff was forced to suffer under a toxic situation . . . ." Plaintiff alleges that Defendant Wasserman obtained a credit card in Plaintiff's name without his permission and "ran up charges in excess of $10,000." According to the Amended Complaint, Plaintiff separated from Defendant Wasserman in 1996 and, in 1997, suffered a "tragic accident resulting in massive brain damage and resulting in amnesia . . . ."

Plaintiff describes that he was arrested on April 30, 1997 for "having set fire to [Defendant] Sulkis's garage on April 28, 1997." According to the Amended Complaint, Defendant Wasserman hired Defendant Bray to represent Plaintiff in the criminal case but did so only to "protect her interest's [sic] in her drug business, afraid that Plaintiff would intentionally divulge her illegal practices." Plaintiff alleges that Defendant "Bray was paid $25,000 to represent Plaintiff and ensure that Wasserman's illegal activities did not come to light and to ensure the

3

conviction of the Plaintiff following trial." According to the Amended Complaint, Plaintiff "attempted to divulge Wassremans's [sic] illegal activities to Defendant's [sic] Rice and Schwartz . . . [and provided documentation of Wasserman's illegal conduct to Rice and Schwartz only to be ignored." Plaintiff claims that he "did not begin remembering these events until sometime in 2003 when he finally began to recover from his traumatic brain injury." As a result of the foregoing, Plaintiff purports to allege a Section 1983 claim based on the Defendants' violation of his Eighth and Fourteenth Amendment rights and seeks unspecified compensatory and punitive damages.

II. DISCUSSION

A. Application Of The Prison Litigation Reform Act ("PLRA")

Congress enacted the Prison Litigation Reform Act ("PLRA") "with the principal purpose of deterring frivolous prisoner lawsuits and appeals." Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007). To facilitate Congress's intention "the PLRA contains a 'three-strikes' rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits unless the exception for imminent danger applies." Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009). The "three-strikes" rule states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As outlined above, Plaintiff has filed seven previous <u>in forma pauperis</u> complaints, five of which have been dismissed for failure to state a claim upon which relief may be granted. These dismissals count as strikes for the purposes of § 1915(g). <u>See Polanco v. Hopkins</u>, 510 F.3d 152, 155-56 (2d Cir. 2007) (<u>per curiam</u>). Accordingly, Plaintiff has exceeded his three strikes and, given his allegations, does not qualify for the imminent danger exception under § 1915(g). Accordingly, Plaintiff is barred by the PLRA's three-strikes provision from proceeding <u>in forma pauperis</u> in this action. Plaintiff's <u>in forma pauperis status</u> is hereby revoked for this case and the Amended Complaint is conditionally dismissed unless Plaintiff pays the entire $350.00 filing fee within 30 days of this Order. If Plaintiff fails to timely pay the filing fee, the case shall be dismissed with prejudice. <u>Word v. Annucci</u>, 09-CV-8983 (DLC), 2010 WL 2179954, at *2-3 (S.D.N.Y. May 27, 2010).

## CONCLUSION

For the reasons set forth above, <u>in forma pauperis</u> status is hereby revoked for this case and Plaintiff is directed to pay

5

the $350.00 filing fee in full by August 30, 2010.  Plaintiff is warned that his failure to timely pay the filing fee will lead to the dismissal of his case with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                              SO ORDERED.


                              <u>/s/ JOANNA SEYBERT</u>
                              Joanna Seybert U.S.D.J.

Dated:    August 3, 2010
           Central Islip, New York